THOMAS WILLIAMSON

*v.*

THE COUNTY OF CASS.

APPEAL, *and trial de novo—waiver of irregularities.*  Where a party appeals from an order of the board of commissioners assessing damages done to his property on account of the opening of a road, and a trial is had in the circuit court, he can not, on appeal from the judgment of that court to the Supreme Court, raise the question as to his right to a jury of twelve instead of six in the proceedings before the board.  That question is waived by appealing to the circuit court, where the trial is *de novo.*

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. KETCHAM & GRIDLEY, for the appellant.

Mr. RICHARD MILLS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

A proceeding was commenced before the board of county commissioners of Cass county, to locate and open a public road.  The petition upon which the proceedings were based

was presented and filed by the county clerk at the March term, 1874, and action was taken thereon by appointing viewers to examine the proposed route and make report to the board of commissioners.

At the June session of the board the viewers filed their report, recommending the establishment of the road. The board, after considering the matter, made an order to establish and open the road as asked by the petition. At the same time appellant and others, through whose land the road was located, filed a claim for damages. The board, thereupon, under the statute then in force, appointed a jury of six freeholders to view the route and assess the damages to which the claimants might be justly entitled.

At their next meeting, on the thirteenth of July, 1874, appellant moved that a jury of twelve men be appointed to assess his damages. The board overruled the motion, and the six men previously selected were sworn and ordered to report to the next regular session of the board. They, in conformity with this order, reported at the next term that they found appellant's damages to be $235. The finding was approved, and the statutory order was made for the opening of the road. Thereupon this claimant appealed to the circuit court, where a trial was had before the court and a jury, and a verdict was found, in favor of appellant, for $475. He thereupon entered a motion for a new trial, which was overruled, and he appeals to this court.

It is first urged, that appellant was deprived of a jury of twelve men by the action of the board of commissioners, when, under the constitution, he was entitled to a jury of that number; that the jury spoken of by that instrument means, and can only mean, a jury of twelve men, and that he was denied his constitutional right when but six were appointed by the board. We are clearly of opinion that this question can not be raised on this record.

It appears, that on the trial in the circuit court he had such a jury as he claims he was entitled to, and they have passed on his claim for damages. It is the well established practice

in this State, that where a justice of the peace, or an inferior tribunal, has jurisdiction of the subject matter of the controversy, and an appeal is taken to the circuit court, where a trial *de novo* may be had, and the parties are before that court, mere technical objections or irregularities in the inferior tribunal will not be heard to deprive the circuit or appellate tribunal of jurisdiction. Nor can such objections be urged in this court to reverse the judgment of the appellate court. This is the long established and uniform doctrine of this court, found in many volumes of our reports.

This record, then, shows that the board of commissioners had jurisdiction of the subject matter, and by the appeal the circuit court, in like manner, became invested with such jurisdiction; and, by process and appearance, the circuit court acquired jurisdiction of the parties, to hear, determine and adjudicate on their rights; and having that right, the court was bound to proceed to a trial and judgment, unless the parties elected to dismiss. The party, by appealing to the circuit court, submitted himself to the jurisdiction of that tribunal for trial, and could not urge technical objections or irregularities in the inferior tribunal. Had he not appealed, and had he contested the validity of the proceedings of the board, by an action of trespass, or otherwise, on the road authorities proceeding to open the road, then he could have raised this question; but he has waived it in this proceeding.

It is, however, urged that the verdict is against the evidence, on the assessment of damages. On looking into the evidence, we find that it is not harmonious. The witnesses differ widely as to the amount of damages appellant will sustain by opening the road. Whilst the evidence might have sustained a verdict for a larger sum, it might, also, had it been for a less amount. On questions of this character, it is seldom that we find the evidence harmonious, and it is for the jury to determine, in view of all the testimony, what is a fair compensation, and we will not reverse unless we can see that it is manifestly wrong. Such is not the fact in this case.

The judgment must be affirmed.

*Judgment affirmed.*